IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAQUAN SLEDGE, a/k/a RELL, a/k/a TJ, a/k/a MATTHEW PIERCE; and DARIUS SLEDGE, a/k/a ACE, a/k/a MAN MAN, a/k/a FRANK, a/k/a FRANK LOVE, a/k/a GARY, a/k/a BILL,<br><br>　　　　Defendants. | Case No. 3:20-cr-00042<br><br>**UNITED STATES' REQUESTED CHANGES TO PRELIMINARY JURY INSTRUCTIONS** |

The United States requests the following changes and/or additions to the Preliminary Jury Instructions provided to the parties by letter dated May 16, 2022:

**P-1 General Instructions**

A. The United States requests the Court revise the instruction to reference a "Superseding Indictment" as opposed to an "Indictment."

B. The United States requests the Court revise the date range in instructions as to Counts One and Two be revised consistent with the date range in the Superseding Indictment as follows:

Summary – "from in or about 2015 and continuing through the date of the Superseding Indictment"; and

Element One - "from in or about 2015 and continuing through the date of the Superseding Indictment".

C. The United States requests the Court revise the date range in instructions as to Count Four and Eight be revised consistent with the date range in the Superseding Indictment as follows:

Summary – "from in or about 2018 and continuing through the date of the Superseding Indictment."

D. The United States requests the Court revise the date range in instructions as to Counts Fourteen and Fifteen be revised consistent with the date range in the Superseding Indictment as follows:

Summary – "from in or about 2015 and continuing through the date of the Superseding Indictment".

E. The United States requests the following revision to Count Two (Money Laundering Conspiracy), Element One:

> from in or about 2015 and continuing through the date of the Superseding Indictment, two or more persons reached an agreement or came to an understanding to knowingly and intentionally conduct or attempt to conduct financial transactions in and affecting interstate commerce, which involved proceeds of a specific unlawful activity, that is, the distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity; ….

Model Crim. Jury Instr. 8th Cir. 6.18.1956A, B and K (2020) (as modified). Model Crim. Jury Instr. 8th Cir. 5.06A-2 (2021).

F. The United States requests the following revision to Count Fourteen and Count Fifteen (Continuing Criminal Enterprise), Element One:

    the Defendant committed the offense charged in Count One of the Superseding Indictment; ….

G. As it relates to Count Fifteen, the United States notes a typographical error in the middle of page 6, "County" should be "Count."

H. On page 7, the United States requests the sentence:

> The law never imposes on a defendant in a criminal case the burden of introducing any evidence or calling any witnesses.

 be revised to read

> There is no burden upon a Defendant to prove that he is innocent.

**Additional Requested Instructions**

The United States further requests the addition of the following be added to the preliminary instructions:

A. Venue

> The United States must prove it is more likely true than not true that each of the offenses charged began, continued, or completed in the District of North Dakota. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

Model Crim. Jury Instr. 8th Cir. 3.13 (2021).

B. Aiding and Abetting

> The Defendants have also been charged in the capacity of an aider and abettor. A person may also be convicted of a crime, even if he did not do every act constituting the offense charged, if he aided and abetted the commission of the crime. A person who aids and abets another to commit an offense is just as guilty as if he committed it himself. In order to have aided and abetted the commission of a crime, a person must:

> <u>One</u>, have known that the crime was being committed or going to be committed;
>
> <u>Two</u>, have had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the crime before all elements of the crime were complete; and
>
> <u>Three</u>, have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the crime.
>
> For you to find the Defendants guilty of the crimes charged by reason of aiding and abetting, the United States must prove beyond a reasonable doubt that all of the elements of the crime were committed by some person or persons and that the Defendants aided and abetted the commission of that crime. Otherwise, you must find the Defendants not guilty, unless the United States proved beyond a reasonable doubt that the Defendants personally committed the crimes charged.
>
> You may infer the Defendants had the requisite advance knowledge of an element of a crime if you find the Defendants failed to object or withdraw from actively participating in the commission of the crime after the Defendants observed another participant complete the element.
>
> You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way that advances some offense, does not thereby become an aider and abettor.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, 5.01 (2021) (as modified). <u>United States v. Pinto</u>, Criminal Case No. 3:18-cr-00054, 3:18-cr-00011, Jury Instruction P-3.

C. Attempt

> A person may be found guilty of attempt if he intended to commit a crime and he voluntarily and intentionally carried out some act which was a "substantial step" towards the commission of that crime.

A "substantial step" must be something more than mere preparation, yet less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punished as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in the context, could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, 6.21.846B, 8.01 (2021) (as modified).

D.  "United States" not "Government"

Finally, it is respectfully requested that the phrase "United States" be substituted for the word "Government" throughout the instructions.

Dated:  May 24, 2022

                NICHOLAS W. CHASE
                United States Attorney

By:    */s/ Lori H. Conroy*
        LORI H. CONROY
        Assistant United States Attorney
        ND Bar ID 06416
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        lori.conroy@usdoj.gov
        Attorney for United States

By:    */s/ Dawn M. Deitz*
        DAWN M. DEITZ
        Assistant United States Attorney
        ND Bar ID 06534
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        dawn.deitz@usdoj.gov
        Attorney for United States