UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Darius Sledge,<br><br>        Defendant. | **MEMORANDUM IN SUPPORT OF SENTENCING**<br><br>Criminal Case: 3:20-cr-00042 |

## I. INTRODUCTION

[1.]   The Defendant, Darius Sledge (hereinafter "Darius") urges the court to consider only those charges to which he has been convicted of, and not the inflammatory allegations or insinuations against him which are not supported by the facts. Darius has been convicted of involvement in four (4) charges: (1) conspiracy to distribute and possess with intent to distribute a controlled substance, (2) money laundering conspiracy, (3) maintaining a drug-involved premise; and (4) continuing criminal enterprise.  Defendant maintains his innocence and that additional facts asserted against him are not supported by the evidence and he denies the same and this Court should limit sentencing to a consideration of charges Darius was convicted of, while maintaining his innocence.

[2.]   Darius was found guilty of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846,

841(a)(1)(C) and 841 (b)(1)(C), and 18 U.S.C. § 2; Money Laundering Conspiracy in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1); Maintaining a Drug-Involved Premise in violation of 21 U.S.C. §§ 856(a)(1) and 856(b), and 18 U.S.C. § 2; and Continuing Criminal Enterprise in violation of 21 U.S.C. §§ 848(a), 848(c), 841(a)(1) and 846. There is also a forfeiture allegation related to 18 U.S.C. § 924(d) and 21 U.S.C. § 843. Defendant has waived contesting the forfeiture allegation.

[3.]   The Defendant appeared on or about August 19, 2020 for an initial appearance. He appeared again on August 27, 2020 for arraignment on the superseding indictment. Darius was ordered detained and has been held to answer for these charges since that time. He has not had any infractions or write ups since his incarceration began.

[4.]   This matter went to trial in June 2022 for 12 days. Darius was found guilty of four of the five charges against him as noted above. According to the PSIR, the continuing criminal enterprise (CCR) count encompasses the other three charges, and the PSR asserts that Darius' Offense level is 40 pursuant to (USSG §§ 2D1.5(a)(1), 2D1.1(a)(5), 2D1.1(b)(12), and 2D1.1(c)(3). The charges carry a mandatory minimum sentence of twenty (20) years in jail for the CCR, and Darius is requesting the Court sentence him to the mandatory minimum of twenty (years) of incarceration with concurrent sentences on the other charges.

[5.]   Thus, while maintaining his innocence and preserving any and all appeal rights, Darius maintains that a term of imprisonment of twenty (20) years is appropriate in this case.

## II. FACTUAL BACKGROUND

[6.] Darius was first arrested July 14, 2020, in Michigan. He was ordered detained and removed to the District of North Dakota at that time.

[7.] Darius is a thirty-two (32) year old man born in Detroit, Michigan. He does not have any dependents. Darius attended high school until the tenth grade, at which point he fell in with the wrong crowd and stopped attending. His parents were married for many years before they divorced, but they are still friendly toward one another and communicate well. His parents and all of his adult siblings are gainfully employed.

[8.] When Darius was a teenager, his family moved to a more difficult neighborhood in Detroit. At this time, Darius became subjected to a wide range of violence, including being the victim of a robbery in which he was shot, and being the target of a fight that resulted in him being shot a second time. Both shootings were unprovoked. Darius is not a member of a gang or any related association.

## III. OFFENSE LEVEL

[9.] A. Objections to United States Sentencing Guideline Calculations.

[10.] Darius lodged a number of objections to PSR. These included several objections to the PSR calculations. Darius reserves all objections and rights to appeal any PSR calculations. Darius asserts that no drug quantities were proven at trial, and as such Darius is subject only the mandatory minimum in this case.

[11.] B. Objections to Factual Assertions Within the Pre-Sentence Report.

[12.]   The majority of the objections to the PSR were factual in nature. Darius has previously filed formal written objections to said facts, those objections are, generally, set forth below as:

Paragraph Number:

6.   There was no testimony provided during trial which proved a relationship between Darius and Terrance Johnson. There is no evidence that Otis Sledge was involved.

8.   There was no evidence presented at trial that proves the details provided in this paragraph.

9.   Evidence did not reveal that Kevon was distributing pills for Darius.

10.   There was no evidence presented at trial that proves the details provided in this paragraph.

11.   Darius was arrested in Royal Oaks, Michigan.

12.   There was no evidence presented at trial that proves the details provided in this paragraph.

13.   There was no evidence presented at trial that proves the details provided in this paragraph. This paragraph is highly prejudicial to Darius.

14.   The photo presented in Court was not of Darius entering the vehicle. They did search Darius's car and found no drugs in the vehicle. In addition, this paragraph is highly prejudicial to Darius.

15.   It was not proven in Court that Darius was found in possession of drug paraphernalia.

16.   This paragraph contradicts the notion that Kevon was working for Darius and makes it seem like Darius was working for Kevon. In addition, there was no evidence presented of either scenario during trial.

19.   There was no evidence presented at trial that proves the details provided in this paragraph.

20.  There was no evidence presented during trial which proved a relationship between Darius and Terrance Johnson.  There was not a single witness at trial that testified to gallon sized bags full of 5,000 to 10,000 pills.

21.  There was no evidence presented during trial which proved a relationship between Darius and Terrance Johnson.

22.  Carleen Counts and Constance Aiken did not testify at trial, and therefore this is speculation at best.

23-24. Darius was found not guilty for this charge.  It should either not be included or it should indicate clearly that Darius was proven not guilty of this fact pattern.

28.  There was no evidence at trial related to gallon sized bags full of pills.  There was also no discovery which proves this.  In fact, the evidence that was provided through trial was that there were significantly less pills than this held by any one person at any time.

46-50. Darius denies the factual assertions and puts the government to its burden of proof the validity of the offenses.

53.  Carrying a concealed weapon charge was from 2014 and he got 18 months probation, which he completed without issue.

65.  Darius did not answer questions as to offense conduct pending the outcome of post-trial motions and appeal.  As such, this should be removed from the report.

69.  Darius has participated in a drug program and does believe he needs continued drug treatment at this time.

[13.]  The crux of the foregoing objections relates to the Supreme Court's commitment to, stated in numerous cases and affirmed in *Booker*, that the government must be put to its burden of proof on separate facts which may be considered by the court at sentencing.  See *United States v. Lee*, 625 F.3d 1030, 1035 (8th Cir. 2010) (*cert denied* 565 U.S. 829 (2011)).  Darius further reserves his

right to contend that the burden of proof is greater than preponderance of the evidence.

[14.]   Here, the PSR contains significant "facts" which may prejudice or bias the Court without Darius being fully apprised of his constitutional right to confront and cross examine witnesses (6th Amendment to the United States Constitution) or right to prove the facts which may be considered by the Court beyond a reasonable doubt ("due process"- 5th Amendment of the Constitution).  As such, the aforementioned statements set forth as facts should be excluded from the PSR and not considered by the court.

[15.]   For these reasons, the facts as set forth in the PSR should be stricken and not considered by the court.  Darius reserves any further objection to court and/or appeal as permitted by the Rules, statutory considerations, and caselaw.

## IV. <u>FACTORS FOR CONSIDERATION BY THE COURT</u>

[16.]   Title 18, United States Code Section 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set out in paragraph (2) of that subsection.  Section 18 U.S.C. 3553(a) provides the following requisite seven factors to be considered by the court in determining the particular sentence to be imposed:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed –
    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;

  c. To protect the public from further crimes of the defendant; and

  d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentence and the sentencing range established for –

  a. The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced, or

  b. In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

5. Any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

Id. 18 U.S.C. section 3582(a) requires that the Court consider the factors set out in 18 U.S.C. 3553(a), recognizing "that imprisonment is not an appropriate means of promoting correction and rehabilitation." Id. An analysis of the applicable factors in this case is set forth below.

1. **The Nature of the Offense and History and Characteristics of the Defendant.**

[17.] Darius disputes many of the facts as set forth in the PSR regarding the underlying charges. As set forth above, many of the facts asserted in the PSR are

not supported by the evidence, and are prejudicial to Darius. Darius denies having any involvement with a drug conspiracy of any kind.

[18.]   Regarding his history, Darius recognizes that the majority, if not all, of his alleged criminal history is related to drug and/or alcohol use and went hand in hand with the violence he experienced. Darius has several counts of being in possession of a controlled substance that treatment and/or alcohol and drug classes will better suit Darius rather than lengthy periods of incarceration. As such, this need is supported by a sentence of twenty (20) years while providing him time to receive treatment and rehabilitation while incarcerated.

[19.]   Darius is requesting that the Court consider his future. Darius does not yet have any dependents, but he hopes to have a family one day. A series of courses which will teach Darius to function as a member of society is most appropriate in this case. It is noteworthy that, to the knowledge of the undersigned, Darius has been a model prisoner during his incarceration.

[20.]   Based on all the foregoing, Darius urges this Court to sentence him to the mandatory minimum twenty (20) years on the CCR, with lesser concurrent sentences on the other charges. Thus far Darius has served more than two (2) years in incarceration. As such, credit should be given for all time served in this matter.

2. **The Need for the Sentence to Promote Certain Statutory Objectives.**

   **a. To Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment.**

[21.]   As noted above, Darius has been a model prisoner (to the knowledge of the undersigned) during his more than two (2) years in incarceration while this

matter was pending. The undersigned would submit that his actions while in prison reflect a respect for the authority, law enforcement, and the judicial process.

[22.]  Darius submits to the court that twenty (20) years is more than sufficient time as "punishment" for the offenses he has been convicted of.

### b. The Need to Afford Adequate Deterrence of Criminal Conduct

[23.]  In this case, based on the PSR, Darius urges the court to recognize that his poor choices are primarily related to the violence he experienced unprovoked during his teen years, as well as a reliance on recreational drugs. Twenty (20) years of incarceration imposed upon Darius is sufficient punishment in this matter to deter criminal conduct of the sort alleged here. Furthermore, a series of treatment and coping with trauma classes while incarcerated would be more suited to deter such behavior than further incarceration.

### c. The Need to Protect the Public From Further Crimes of the Defendant.

[24.]  Darius submits to the court that twenty (20) years of incarceration will result in his release likely sometime in his late forties or early fifties. In essence, no matter the outcome here or on appeal, Darius will emerge from this an older and wiser individual. Darius urges the court to recognize that twenty (20) years in incarceration will certainly protect the public for many years in and of itself, and will cause Darius to emerging a wiser person.

### d. Defendant's Need for Vocational Training and Other Correctional Treatment in the Most Effective Manner

[25.] As set forth in the PSR, Darius does not have a high school diploma or GED. Darius is only one section (math) away from completing his GED. As set forth, Darius's contention is that additional education is appropriate for him and will aid him in the years to come.

[26.] The proposed minimum mandatory sentence will permit the opportunity/ability to complete many types of such programs. If eligible, Darius requests a referral to the Residential Drug Abuse Program (RDAP).

### 3. Types of Sentences Available and   4. Range Established

[27.] A mandatory minimum sentence of twenty (20) years regarding the CCR and lesser concurrent sentences are within the types of sentences available.

### 5. Policy Statements by Sentencing Commission

[28.] There are no current policy statements issued by the Sentencing Committee which would affect the sentencing of Darius unless already noted herein.

### 6. Avoiding Unwarranted Sentence Disparities

[29.] The only co-defendant in this matter who was tried with Darius was BaQuan sledge. Neither party has been sentenced at this time.

### 7. Provision of Restitution to Victims

[30.] Darius objects to any restitution amount on the grounds that he simply does not have the ability to pay any such amount.

## V. CONCLUSION

[31.] There is no longer a presumption that the advisory guidelines range is the correct sentence. See *United States v. Booker*, 543 U.S. 220 (2005). Therefore,

Darius, by and through undersigned counsel, is requesting (subject to objections, right to appeal) the mandatory minimum sentence of twenty (20) years.

Dated this 30th day of December, 2022.

**JACKSON, THOMASON, WELDER & ARTHURS, INC.**
*Attorneys for Defendant*
400 East Broadway Avenue, Suite 51
Bismarck, ND 58501
Phone: (701) 751-4847
Fax: (701) 751-4845
Email: thomas@bismanlaw.com


*/s/ Thomas M. Jackson*
By: Thomas M. Jackson (ND ID 05947)
